**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.** | **CIVIL ACTION NO. 12-274-LPS** |
| **PLAINTIFF,** | **JURY TRIAL DEMANDED** |
| **V.** | |
| **ABBOTT LABORATORIES, AND ABBOTT MOLECULAR INC.,** | |
| **DEFENDANTS,** | |
| **AND** | |
| **LUMINEX CORPORATION,** | |
| **INTERVENOR-DEFENDANT.** | |
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-275-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **BECTON, DICKINSON AND COMPANY; BECTON DICKINSON DIAGNOSTICS INC.; AND GENEOHM SCIENCES, INC. DEFENDANTS.** | |
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-105-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **LIFE TECHNOLOGIES CORPORATION,** | |
| **DEFENDANT.** | |

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-106-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **ROCHE MOLECULAR SYSTEMS, INC., ROCHE DIAGNOSTICS CORPORATION, ROCHE DIAGNOSTICS OPERATIONS, INC., AND ROCHE NIMBLEGEN, INC.,** | |
| **DEFENDANTS.** | |
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-433-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **AFFYMETRIX, INC.,** | |
| **DEFENDANT.** | |
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-434-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **AGILENT TECHNOLOGIES, INC.,** | |
| **DEFENDANT.** | |
| **ENZO LIFE SCIENCES, INC.** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-435-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **ILLUMINA, INC.,** | |
| **DEFENDANT.** | |

| | |
|---|---|
| **ENZO LIFE SCIENCES, INC.,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-276-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **HOLOGIC, INC.,** | |
| **DEFENDANT.** | |
| **ENZO LIFE SCIENCES, INC.,** | |
| **PLAINTIFF,** | **CIVIL ACTION NO. 12-104-LPS** |
| **V.** | **JURY TRIAL DEMANDED** |
| **GEN-PROBE, INCORPORATED,** | |
| **DEFENDANT.** | |

**<u>JOINT STATUS REPORT</u>**

Pursuant to paragraph 3 of the Court's September 22, 2014 Order, as well as the Court's July 31, 2015 Order, Enzo Life Sciences, Inc. ("Enzo") and the Defendants in the above-captioned cases hereby submit their Joint Status Report. This Report covers (1) the timing and briefing of dispositive motions, and (2) limitations on prior art for U.S. Patent No. 7,064,197 (the '197 patent). Enzo's and Defendants' proposals on each of the two issues differ, and each proposal is explained below. The parties are available at the Court's convenience to further discuss these issues.

**The timing and briefing of dispositive motions.**

*Enzo's Proposal*: Enzo believes that establishing the timing and procedure for dispositive motions now will promote the orderly and efficient progress of these litigations to trial. Enzo proposes following paragraph 13 of the February 24, 2014 Scheduling Order (other than as to the dates, which are proposed below). The Scheduling Order permits each side (Enzo / Defendants) up to 40 pages total for all opening briefs, up to 40 pages total for all answering briefs, and up to 20 pages total for all reply briefs. Enzo proposes the following schedule.

| Date | Event |
|------|-------|
| April 12, 2016 (Tuesday) [62 days after the close of expert discovery] | Dispositive motions and opening briefs due. |
| June 14, 2016 (Tuesday) [63 days after Opening briefs] | Answering briefs due. |
| July 29, 2016 (Friday) [45 days after Answering briefs] | Reply briefs due. |

*Defendants' Proposal*: Defendants believe that the Court should set a tentative schedule for briefing dispositive motions, but that it would be prudent to revisit and discuss the issue after expert discovery and Enzo's further reduction of claims. Enzo's infringement contentions in these nine cases implicate dozens of different technologies and thousands of accused products.

Moreover, Enzo has asserted different claim sets against each of the nine defendants. Particularly with respect to non-infringement and damages issues, it is difficult at this time for defendants to predict the issues on which there will be common ground, whether those issues will be ripe for summary judgment and/or what types of *Daubert* motions may be necessary. Following expert discovery, the issues may be more crystallized and the parties are likely to have a better understanding of the remaining overlapping issues in dispute, whether they can be resolved on summary judgment, and the most efficient structure (including whether and to what extent briefing should be joint or individual) and procedure (including timing and page limits) for dispositive motions.

Accordingly, Defendants propose the following schedule, which sets tentative dates for briefing of dispositive motions but also allows the parties to a file Joint Status Report shortly after the close of expert discovery, and for the Court to hold a status teleconference, for the purpose of proposing any reasonable modifications (if any) that would promote the efficient and expeditious resolution of these related cases.

| Date | Event |
|---|---|
| March 10, 2016 (Thursday) | Enzo to reduce, for each asserted patent, the number of claims asserted against each defendant to no more than 15 |
| March 31, 2016 (Thursday) [21 days after claim reduction] | Joint status report regarding any additional proposals (if any) regarding structure, procedure, or page limits for dispositive motions, in light of expert discovery |
| April 5, 2016 (Tuesday) [5 days after joint status letter] | Status conference regarding dispositive motions |
| June 6, 2016 (Monday) [62 days after status conference] | Dispositive motions and opening briefs due. |
| August 5, 2016 (Friday) [60 days after Opening brief] | Answering briefs due. |
| September 19, 2016 (Monday) [45 days after Answering briefs] | Reply briefs due. |

**Limitations on prior art for the '197 patent.**

*Enzo's Proposal*:  Enzo contends that the Court's prior order requiring Defendants to elect no more than 6 prior art references per asserted claim of the '197 patent provides more than sufficient opportunity for Defendants to present their invalidity defenses while avoiding needless complication of expert discovery.  To the extent that the Court permits Defendants to increase the number of references per asserted claim of the '197 patent to 12 references, then Enzo respectfully submits that Defendants should correspondingly be required to narrow the number of references per asserted claim to 6 references no later than 30 days before the due date for dispositive motions.  The Court properly and correctly found 6 references per claim to fairly balance the interests of the parties, and no reason exists why a greater number of references would be warranted after expert discovery has concluded.  Without a reasonable limit on asserted prior art references after the close of expert discovery, Enzo's ability to present dispositive motions in an efficient and focused manner will be prejudiced.[1]

*Defendants' Proposal*: The '197 Patent Defendants request that the Court increase the number of prior art references that they are allowed to assert per claim in their invalidity expert reports from six references to twelve references consistent with the limitations placed on the '180 and '405 Patent Defendants.  In September 2014, the Court ordered that the '197 Patent Defendants reduce the number of asserted prior art references they will include in opening

---

[1] For the same reasons, Enzo respectfully submits that a similar narrowing of asserted references to 6 per claim should apply to all three patents in suit—the '197 patent and U.S. Patent Nos. 6,992,180 ("the '180 Patent") and 8,097,405 ("the '405 Patent")—no later than 30 days before the due date for dispositive motions.  Defendants' contention that they should not be required to reduce asserted prior art references prior to dispositive motions because "[t]here will not be a final determination as to the conception or priority dates for the asserted claims" misses the point.  Defendants will have an opportunity to vet conception issues in expert discovery before any further prior art reduction.

invalidity expert reports to six per asserted patent claim of the '197 Patent.  (Case No. 1:12-cv-00105-LPS, D.I. 162, ¶ 4.)  In January 2015, Enzo requested that the Court order a similar reduction to six prior art references for the '180 and '405 Patent Defendants "for the very same reasons that they were warranted for the '197 Patent."  (Case No. 1:12-cv-00105-LPS, D.I. 210 at 3.)  In response, the '180 and '405 Patent Defendants explained to the Court that at least twelve references per asserted claim were needed because Enzo's alleged conception date for these patents had been constantly changing in Enzo's interrogatory responses and, as a result, there was significant uncertainty over the conception date for these patents that would not be resolved until after the close of expert discovery.  (Case No. 1:12-cv-00105-LPS, D.I. 211 at 2.)  The Court agreed with the '180 and '405 Patent Defendants noting that "[p]articularly given the uncertainty as to the date of conception [for the '180 and '405 Patents], Defendants' proposed reduction in the number of prior art references is more reasonable than Plaintiff's proposal." (Case No. 1:12-cv-00105-LPS, D.I. 212.)

As with the '180 and '405 Patents, Enzo's position as to the conception date of the '197 Patent changed significantly after the Court limited the '197 Patent Defendants to six references per asserted claim in September 2014.  At that time, Enzo did not allege that the '197 Patent had a conception date earlier than the January 27, 1983 filing date of the original application that led to the '197 Patent.  (Case No. 1:12-cv-00105-LPS, D.I. 211-1 at p. 14 of 179.)  But in October 2014, shortly before the close of discovery, Enzo supplemented its interrogatory responses to allege that each claim of the '197 Patent claimed priority to a date no later than February 1982. (*Id*. at p. 15 of 179.)  Enzo supplemented its interrogatory responses again in December 2014 to allege that the inventions in the '197 Patent were conceived no later than February 1982.  (*Id*. at p. 85 of 179.)  Finally, in January 2015, Enzo supplemented its interrogatory responses again to

allege a conception date of "approximately February 22, 1982" for the alleged inventions of the '197 Patent. (*Id.* at 17 of 179.) Therefore, there is just as much uncertainty as to the conception date for the '197 Patent claims as there is for the '180 and '405 Patent claims. And Enzo introduced this uncertainty as to the conception date of the '197 Patent claims after the Court's September 2014 order limiting the '197 Patent Defendants to six prior art references per claim.

There is additional uncertainty as to the priority date of the asserted '197 Patent claims because, unlike the '180 and '405 Patents, the '197 Patent is based on a continuation-in-part application filed on May 9, 1985. Thus, it will be Enzo's burden to come forward with evidence that the claims are entitled to the January 27, 1983 filing date of the original application instead of the May 9, 1985 date of the continuation-in-part. *See PowerOasis Networks, LLC v. T-Mobil USA, Inc.*, 522 F.3d 1299, 1305 (Fed. Cir. 2008). As a result, the asserted claims of the '197 Patent could have priority dates for purposes of identifying prior art ranging from the alleged conception date of February 22, 1982 to the continuation-in-part filing date of May 9, 1985. A significant number of the prior art references identified in the invalidity contentions for the '197 Patent have priority dates between the alleged February 22, 1982 conception date and the May 9, 1985 continuation-in-part filing date, including approximately 15 of the 29 prior art references that the '197 Patent Defendants charted as anticipation references.

Thus, for the same reasons the Court allowed twelve references per asserted claim for the '180 and '405 Patents, the '197 Patent Defendants request that they be allowed twelve references per asserted claim for the '197 Patent.[2]

---

[2] Because of the significant uncertainty as to the conception and priority dates for the '197, '180, and '405 Patents, Enzo's proposal that the Defendants further limit their asserted prior art references to six per claim 30 days before the due date for dispositive motions would be prejudicial. There will not be a final determination as to the conception or priority dates for the asserted claims 30 days before the due date for dispositive motions. Thus, the Defendants would

Dated:  September 11, 2015

By:     Respectfully submitted,

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Farnan LLP
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com

John M. Desmarais (admitted *pro hac vice*)
Michael P. Stadnick (admitted *pro hac vice*)
Justin P.D. Wilcox (admitted *pro hac vice*)
Jordan N. Malz (admitted *pro hac vice*)
Peter C. Magic (admitted *pro hac vice*)
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400
(212) 351-3401
jdesmarais@desmaraisllp.com
mstadnick@desmaraisllp.com
jwilcox@desmaraisllp.com
jmalz@desmaraisllp.com
pmagic@desmaraisllp.com

*Counsel for Plaintiff Enzo Life Sciences, Inc.*

---

be facing just as much uncertainty then as they do now as to what references actually qualify as prior art.  Enzo should not be allowed to take advantage of its late disclosure of conception and priority dates for its asserted patents by forcing the Defendants to guess as to which references would ultimately qualify as prior art.  Enzo's proposal should be rejected.